Davis, J.
The defendant in error entered into an agreement with one Blanche English for the sale and purchase of a piano. The memorandum of the agreement, which was signed by Miss English, did not state when or where the piano was to be delivered, nor when or how payment should be made, except “$.......... allowed for Harvard piano.” At the same time the purchaser gave to the defendant in error a paper transferring *199 her full right to ownership of one Harvard piano, “with the understanding that said Harvard piano is to be sold by the said Starr Piano Company and full amount received by them to be placed to my credit as part payment on one Starr Piano, which I am this day ordering from said Starr Piano Company.” The agreement was entered into at Canton, Ohio, but the Harvard piano was at the house of a person in -Alliance, Ohio. There was some talk between the parties about a written order for delivery of the Harvard piano to the defendant in error, but in the language of the salesman of the defendant in error, “that part of the order was never completed. It was taken for granted that everything was satisfactory. She told me she would notify these people of the transaction and that we could get the piano when we liked.” The piano which was agreed to be sold by the defendant in error, was never delivered to the purchaser nor tendered to her, nor did the defendant ever take possession of the Harvard piano or sell it and credit the proceeds on the purchase money for the other piano. More than four months after the defendant in error and Miss English entered into this agreement, the plaintiff in error, without knowledge of the preceding facts, sold to her a piano and agreed to receive, and did thereupon take into its possession, the Harvard piano as part payment on the piano then sold to her. Within a short time thereafter the defendant in error brought suit against the plaintiff in error, before a justice of the peace, claiming to be the owner of and entitled to the possession of the Harvard piano and charging the plaintiff in error *200 with unlawfully converting the same to its own use, and prayed for a judgment. On appeal the court of common pleas gave judgment for the defendant in error, and the circuit court affirmed the judgment of the court of common pleas.
The question here is, whether the transaction between the defendant in error and Blanche English was a completed sale, so as to invest the defendant in error with the title to the Harvard piano.
The words, “I hereby transfer my full right of ownership of one Harvard piano * * * to The Starr Piano Company,” would not be conclusive of the title in the defendant in error even if they were unqualified; because their effect must be determined by the intention of the parties as disclosed by a consideration of all the facts and circumstances of the transaction. But this language is distinctly narrowed by that which follows, that is: “with the understanding that said Harvard piano is to be sold by the said Starr Piano Company and full amount received by them to be placed to my credit as part payment on one Starr piano, which I am this day ordering from the said Starr Piano Company.” Two things clearly appear from this document when it is all read together; first, the Starr Piano Company was not invested with an absolute title to the Harvard piano, but with only a special interest for the purpose of sale and the credit of the proceeds as part payment on the purchase of a Starr piano; and, second, that the transfer. of the Plarvard piano was only an incident in the principal transaction which was the agreement for sale and pur *201 chase of a Starr piano. If in such an agreement there is no mention of the terms of payment, the presumption is that it is a cash sale and that delivery of the goods and the payment of the price are to be simultaneous. If, therefore, the Harvard piano, in this case, was in fact turned over to the defendant in error as part payment for the Starr piano, in expectation that the latter would be delivered; which was never done nor offered to be done, the title claimed and possession by the defendant in error would be null and void as obtained without consideration. That conclusion is a corollary to the propositions decided in Wabash Elevator Co. v. First Nat. Bank, 23 Ohio St., 311; Hodgson v. Barrett, 33 Ohio St., 63.
It may be conceded that as between the parties where there has been a sale of specific goods, and especially where the price has been paid, the title will pass without a delivery of the goods. This, ¡ however, is only a presumption and it does not¡ ordinarily obtain as against creditors and innocent-1 purchasers from the vendor. As to such third parties, it is the general holding that there must be not only a delivery to the vendee claiming the goods, but there must be an actual and visible!' change of possession. 35 Cyc., 304.
Tested by this rule the defendant in error has no standing in court. It is not claimed that the defendant in error ever had actual possession of the piano in dispute, nor that there was ever any actual or visible change of possession until the plaintiff in error took possession of the piano and removed it to their warerooms at Cleveland, nor *202 does it appear that the plaintiff in error had any previous notice of the transactions upon which the defendant in error claims title.
We have already intimated that this could not be regarded as a completed sale passing the title to the Harvard piano so long as anything in the contemplation of the parties remained to be done to complete the sale. This was, in effect, the holding of this court in Bonham v. Hamilton, 66 Ohio St., 82; and see Benjamin on Sales as quoted in that opinion. The Harvard piano could not be regarded as part payment for a Starr piano which was never delivered nor tendered to the purchaser; and before the sale and purchase which was negotiated could be complete, the defendant in error must take possession of the Harvard piano and sell it and credit the proceeds as payment pro tanto for the Starr piano and the latter be delivered. This was clearly the intention of the parties. To hold otherwise would be to hold that the defendant in error could obtain a clear and lawful title to the property without any consideration passing.
Regarding the case from another point of view, it is equally obvious that the plaintiff in error must prevail. There was no time mentioned for performance. The law would so construe the contract that it should be performed in a reasonable time. (This was a commercial transaction which 'should ordinarily be completed with considerable promptness. When more than four months had elapsed and neither party had done anything to to complete the transaction Blanche English had the right to treat the contract as rescinded and to *203 enter into the deal with the plaintiff in error. “Mutual delinquency gives rise to the presumption of mutual assent to a rescission. See Parsons, Contracts, 667 et seq., and 16 Ohio St., 454.” Per Brinkerhoff, J., in Mowry v. Kirk & Cheever, 19 Ohio St., 375, 383; Lewis v. White, 16 Ohio St., 444, 454.
The judgment of the circuit court and that of the court of common pleas are

Reversed and judgment for plaintiff in error.

Spear, C. J., Shauck, Price, Johnson and Donahue, JJ., concur.